March 27, 1995
[NOT FOR PUBLICATION]
UNITED STATE COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 94-1302

UNITED STATES,

Appellee,

v.

PORFILIO MARTINEZ MEJIA,

Petitioner, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Francis J. Boyle, Senior U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

J. Michael McGuinness, McGuinness & Parlagreco on brief for
appellant.
Sheldon Whitehouse, United States Attorney, Margaret E. Curran
and Zechariah Chafee, Assistant United States Attorneys, on brief for
appellee.



Per Curiam. Appellant Porfilio Martinez-Mejia appeals

the denial by the United States District Court for the

District of Rhode Island of his pro se "motion to correct

presentence investigation report." Since this motion was

filed after the time for a direct appeal had expired, we

treat the motion as one pursuant to 28 U.S.C. 2255.

Martinez-Mejia, now represented by counsel, raises three

issues. First, he asserts certain factual "inaccuracies" in

the presentence report [PSR]. Second, he claims that the

district court erred in accepting the recommendation of the

PSR and denying him a two level reduction for acceptance of

responsibility. Finally, he notes that the PSR states that

he was convicted of conspiracy to possess with intent to

distribute more than 500 grams of cocaine, whereas the

judgment lists the offense as possession with intent to

distribute more than 500 grams of cocaine.

Neither of the first two asserted claims alleges a

constitutional or a jurisdictional error. Since Martinez-

Mejia failed to pursue either claim on direct appeal, any

error would warrant reversal only in "exceptional

circumstances" and only if the error resulted in a "complete

miscarriage of justice." Knight v. United States, 37 F.3d

769, 772 (1st Cir. 1994). We have reviewed carefully the

record in this case and find nothing which indicates that

justice miscarried.

-3-

As to third claim, Martinez-Mejia suffered no

discernible prejudice from the variance between the offense

as listed on the PSR and the offense as listed on the

judgment. Nonetheless, we direct the district court to

correct the record as appropriate. See Fed. R. Crim. P. 36.

Affirmed.

-4-